UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TARVEY REGO, | Case No.: 14-CV-00187 |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| STU SHERMAN, Warden, California Substance Abuse Treatment Facility and State Prison - Corcoran | |
| Defendant. | |

Petitioner Tarvey Rego ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for first degree murder. ECF No. 1 ("Petition"). The Court hereby ORDERS Respondent Stu Sherman ("Respondent") to show cause why a writ of habeas corpus should not be granted.

I.   **DISCUSSION**

   A.   **Standard of Review**

This Court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing

the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.     Petitioner's Claims

As grounds for habeas relief, Petitioner first claims that he was denied his right to effective assistance of counsel by the failure of his attorney to present exonerating evidence and to object to the prosecutor's "fallacious theory" that he could be guilty of felony murder on a theory of aiding and abetting an attempted robbery if he aided an attempted robber to escape the scene of the attempted robbery, even though the attempted robber was not in possession of stolen property. *Id.* at 81, 104. Second, he claims he was denied his right to due process by the prosecutor's presentation of evidence and argument he knew to be false and misleading. *Id.* at 106. Third, he claims he was denied a fair trial when the state court denied his motion to bifurcate the "gang" enhancement allegation and overruled his objection to highly prejudicial evidence. *Id.* at 111. Fourth, he claims his right to due process was violated by the state court's failure to instruct on voluntary manslaughter as statutorily defined and to instruct on the principle that provocation can reduce first degree murder to second degree murder. *Id.* at 113. Fifth, he claims there was insufficient evidence that he committed or aided and abetted the commission of attempted robbery and thus the jury unreasonably found him guilty of first degree murder. *Id.* at 122. Sixth, he argues there was insufficient evidence of deliberation and premeditation and thus his conviction violated due process. *Id.* at 125. Last, he claims he was denied due process by the state court of appeal's misreading of the record and distortion of the facts. *Id.* at 130. Liberally construed, Petitioner's claims are sufficient to require a response. The Court thus orders Respondent to show cause why the petition should not be granted.

## II.     CONCLUSION

1.     The Clerk shall serve by mail a copy of this order, Petitioner's Petition (ECF No. 1) and all attachments thereto upon the Respondents. The Clerk shall also serve a copy of this order on Petitioner.

2

Case No.: 14-CV-0187
ORDER TO SHOW CAUSE

2. Respondent shall file with the Court and serve on Petitioner, within ninety days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within ninety days of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within fifteen days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 17, 2014

_____
LUCY H. KOH
United States District Judge