UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARVEY REGO,

    Petitioner,

v.

STU SHERMAN,

    Respondent.

Case No. 14-cv-00187-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR EVIDENTIARY HEARING**

Re: Dkt. Nos. 1, 21

Rego brings this habeas petition to challenge his first-degree murder conviction. Because none of Rego's claims warrants habeas relief, the petition is denied. Rego's motion for an evidentiary hearing is also denied.

<u>Ineffective Assistance of Counsel</u>

To grant habeas relief based on ineffective assistance, this Court must be convinced that any reasonable judge would be compelled to conclude that the performance of Rego's trial counsel was deficient and that Rego was prejudiced as a result. *See Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).

Rego contends he received ineffective assistance of counsel in a number of ways. First, he asserts his lawyer failed to present evidence suggesting that he wasn't aiding the Salas brothers in a robbery attempt when he killed Camacho. For example, Rego contends his lawyer should have presented evidence suggesting that the two men who started the robbery attempt with Ponce were not the Salas brothers. But as discussed in the opinion of the California Court of Appeal on direct review, there was also a good deal of evidence that the robbers were indeed the Salas brothers. *People v. Rego*, No. A130047, 2012 WL 2785223, at *1, 10 (Cal. Ct. App. July 10, 2012) (unpublished). In light of that, the state courts could reasonably have concluded that the decision by Rego's lawyer to focus on imperfect self-defense, rather than focusing on the less credible

argument that someone other than the Salas brothers initiated the robbery attempt, was a tactical decision within the wide range of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential.").

Rego also cites evidence his lawyer could have presented to show that the robbery attempt ended before Rego appeared on the scene and killed Camacho. However, such evidence was in fact presented, similar in kind to the evidence Rego now contends was omitted. And Rego's lawyer relied on the evidence that was presented when arguing to the jury that Rego was not guilty of felony murder. But as the California Court of Appeal explained on direct appeal, there was sufficient evidence to support the jury's conclusion that the robbery attempt was not over (and that Rego therefore killed Camacho in furtherance of it). *See Rego*, 2012 WL 2785223, at *12. This Court cannot conclude that any reasonable judge would be compelled to find a Sixth Amendment violation in trial counsel's failure to present additional evidence on this point. *See Harrington*, 562 U.S. at 102-03.[1]

Rego also contends his trial counsel was ineffective for failing to request an instruction on "heat of passion" and "provocation," but the contrary conclusion by the California Court of Appeal on direct review was not unreasonable, for the reasons stated by that court. *See Rego*, 2012 WL 2785223, at *9. Relatedly, it was not unreasonable for the state courts to reject Rego's argument that his lawyer was ineffective for failing to object to the prosecutor's statements about the law during closing arguments, given that the jury was correctly instructed. *See United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993).

Prosecutorial Misconduct

Rego contends the prosecutor engaged in misconduct by presenting misleading evidence and argument that the attempted robbery was committed by the Salas brothers and that the party guests were connected with a rival gang. But as discussed in the Court of Appeal's opinion on direct review, there was sufficient evidence that the Salas brothers initiated the robbery attempt.

---

[1] The same is true of defense counsel's failure to present video evidence of Ponce's failure to identify the Salas brothers in a lineup, because the jury was already aware that Ponce did not identify them as his accomplices in the attempted robbery.

2

*See Rego*, 2012 WL 2785223, at *1, 10.  And as the Court of Appeal noted with respect to the gang enhancement, what mattered is not whether the party guests actually were members of a rival gang, but whether Rego perceived Camacho to be a member of a rival gang.  *Id.* at *3 n.6.  There was ample evidence of the latter.  Therefore, the state courts could reasonably have concluded that Rego has not shown that testimony heard by the jury was actually false, or that the prosecutor knew or should have known it was false, or that the allegedly false testimony was material.  *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Hein v. Sullivan*, 601 F.3d 897, 908 (9th Cir. 2010).

<u>Denial of Motion to Bifurcate and Allowing in Gang Evidence</u>

Rego contends the trial court's denial of his motion to bifurcate the trial for purposes of considering the gang enhancement under Cal. Penal Code § 186.22, which resulted in the admission of prejudicial gang evidence, violated his due process right to a fair trial.  But the Court of Appeal's conclusion on direct review that the trial court did not err is not unreasonable.  *See Rego*, 2012 WL 2785223, at *4-5.  Rego certainly has not shown that any reasonable judge would be compelled to conclude that the admission of the gang evidence "was arbitrary or so prejudicial that it rendered the trial fundamentally unfair."  *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995).

<u>Failure to Instruct Jury on Heat of Passion and Provocation</u>

For the reasons stated by the California Court of Appeal on direct review, the trial court's failure to instruct the jury *sua sponte* on "heat of passion" and "provocation" likely did not constitute reversible error.  *See Rego*, 2012 WL 2785223, at *6-9.  Certainly Rego has not shown that any reasonable judge would be compelled to conclude otherwise.  Furthermore, that an instruction may have been incorrect under state law typically provides no basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).

<u>Insufficiency of the Evidence</u>

Claims based on insufficiency of the evidence "face a high bar in federal habeas proceedings."  *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam).  Rego asserts there was insufficient evidence to support a conviction for felony murder, arguing that the attempted robbery was complete before he killed Camacho.  But as the California Court of Appeal explained

3

on direct review, there was evidence to the contrary. *Rego*, 2012 WL 2785223, at *12. Rego also contends there was insufficient evidence to support a conclusion that his stabbing of Camacho was premeditated, but again the California Court of Appeal explained to the contrary on direct review. *Id*. In particular, the Court of Appeal discussed the evidence that Rego went into the kitchen to get a knife and went downstairs even though his girlfriend urged him not to. *Id*. It was not objectively unreasonable for the Court of Appeal to conclude that the evidence was sufficient to support a conclusion that Rego was guilty of felony murder and premeditated murder.

Court of Appeal's Opinion

Rego argues he was denied his right to a fair appeal by the California Court of Appeal's misreading of the record, distortion of facts, and assumptions. This claim, however, repeats many of the same arguments rejected above. The state court decision rejecting this claim was not objectively unreasonable.

Motion for Evidentiary Hearing

Rego requests an evidentiary hearing. But he fails to indicate what evidence he would present at such a hearing and how his allegations, if proven, would entitled him to relief. *See Williams v. Calderon*, 52 F.3d 1465, 1484 (9th Cir. 1995). His motion is therefore denied.

The Clerk shall enter judgment in favor of the respondent.

**IT IS SO ORDERED.**

Dated: September 24, 2015

_____
VINCE CHHABRIA
United States District Judge